**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | Case No. 20-10337 (BLS) |
| | ) | |
| Debtor. | ) | Hearing Date: November 9, 2021 at 9:30 a.m. ET |
| | ) | Obj. Deadline: October 18, 2021 at 4:00 p.m. ET |

**MOTION OF CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER COMPELLING DEBTOR TO DESIGNATE AN INDIVIDUAL REQUIRED TO PERFORM THE ACTS OF THE DEBTOR AND ATTEND EXAMINATIONS OF THE DEBTOR AND TO EXTEND THE TIME TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**

Douglas T. Tabachnik, the chapter 7 trustee appointed to administer the above-captioned bankruptcy case (the "*Trustee*"), hereby submits this motion (the "*Motion*") for entry of an order, substantially in the form attached hereto as **Exhibit A**, compelling the above-captioned debtor (the "*Debtor*") to designate an individual to: (i) verify and execute the Schedules and Statements (defined below); (ii) appear and testify on behalf of the Debtor at the 341 Meeting and other examinations of the Debtor; and (iii) perform other duties required of the Debtor under the Bankruptcy Code and extend the time to file schedules and statement of financial affairs. In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are found in sections 105 and 521(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 9001(5) and 1007(c)

of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*").

4.  Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**A.  General Background**

5.  On February 14, 2020 (the "*Petition Date*"), an involuntary petition was filed against the Debtor under chapter 7 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case (this "*Case*"). Docket No. 1 (the "*Petition*"). On March 24, 2021, this Court entered the Order for Relief, thereby allowing this Case to proceed. *See* Docket No. 53.

6.  On June 23, 2021, this Court entered an order appointing the Trustee as the permanent trustee to administer this Case. *See* Docket No. 87.

**B.  The Schedules and Statements**

7.  Section 521(a) of the Bankruptcy Code requires a debtor to file with the applicable court a schedule of all assets and liabilities, a schedule of current income and expenditures, and a statement of financial affairs (collectively, the "*Schedules and Statements*"). Pursuant to Bankruptcy Rule 1007(c), the deadline for the Debtor to file its Schedules and Statements was April 7, 2021, well before the Trustee was appointed to administer this Case.[1]

---

[1] On March 26, 2021, this Court entered a notice of petition deficiency [Docket No. 55] (the "*Deficiency Notice*") ordering the Debtor to file, amongst other things, the Schedules and
(Continued…)

8. As more fully set forth in his *Motion for Entry of an Order Granting Additional Time to File Schedules and Statements* [Docket No. 96] (the "*Extension Request*"), the Trustee made numerous demands upon counsel for the Debtor to complete the Schedules and Statements. After being informed that the Debtor had no intention do so, on August 20, 2021, the Trustee filed the Extension Request to extend the time to file the Debtor's Schedules and Statements based on the need for the Trustee to complete them.

9. On September 7, 2021, this Court granted the Extension Request, and entered an order allowing the Trustee to file the Schedules and Statements by October 1, 2021. Docket No. 100 (the "*Extension Order*").

## **RELIEF REQUESTED**

10. The Trustee has drafted the Schedules and Statements based on information provided by counsel for the Debtor, as well other information available to the Trustee. However, the Debtor has not yet designated a representative to: (i) sign the Schedules and Statements; (ii) appear on behalf of the Debtor at the Section 341 Meeting of Creditors (the "*341 Meeting*") and other examinations of the Debtor; and (iii) perform the other duties required of the Debtor pursuant to Section 521 of the Bankruptcy Code.

11. It is imperative that a representative of the Debtor review the Schedules and Statements drafted by the Trustee in order to verify the information contained therein. Moreover, it is also important that a representative of the Debtor testify at the 341 Meeting and any other examinations of the Debtor so that the Trustee may properly investigate the business affairs of the Debtor and evaluate potential claims that exist for the estate.

---

Statements and a creditor matrix. Pursuant to the Deficiency Notice, the deadline for the Debtor to file its Schedules and Statements was April 9, 2021.

12. Accordingly, by this Motion, the Trustee requests entry of an order compelling the Debtor to designate one or more individual representatives of the debtor to: (i) verify and execute the Schedules and Statements, (ii) appear on behalf of the Debtor and testify at the 341 Meeting and other examinations of the Debtor; and (iii) perform the other duties required of the Debtor pursuant to Section 521 of the Bankruptcy Code.

## BASIS FOR RELIEF

13. When the subject of a bankruptcy is a corporation, the court may order that the corporate debtor designate one or more representatives to perform the debtor's duties pursuant to Bankruptcy Rule 9001(5), which provides, in pertinent part:

> When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, "Debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control . . . .

Fed. R. Bankr. P. 9001(5); *see also In re Gaslight Club, Inc.*, 782 F.2d 767, 771 (7th Cir. 1986) (citing Bankruptcy Rule 9005(1) for the proposition that the bankruptcy court has authority to designate the debtor's representative); *In re Burkman Supply, Inc.*, 217 B.R. 223, 225 (W.D. Mich. 1998) (designating a representative "as the debtor pursuant to Bankruptcy Rule 9001(5) by order of the Bankruptcy Court.").

14. Because the Debtor has failed to abide by its obligations imposed under Section 521 of the Bankruptcy Code, one or more of its representatives must now be compelled to: (i) verify and execute the Debtor's Schedules and Statements; (ii) appear at the 341 Meeting and other examinations of the Debtor; and (iii) perform the other duties required of the Debtor pursuant to Section 521 of the Bankruptcy Code. Indeed, courts have routinely granted such relief in similar circumstances. *See In re Northwest Associates, Inc.*, 245 B.R. 183, 186 (Bankr.

E.D.N.Y. 1999) ("[Bankruptcy Rule 9001(5)] contemplates that any party 'in control' of the Debtor in question can be designated to testify on behalf of a corporate Debtor.") (emphasis in original); *Burkman Supply*, 217 B.R. at 225 (designating a representative based on the debtor's failure to comply with filing schedules and a matrix of creditors). *In re Yefimova*, No. 08–20049, 2012 WL 2087081 (Bankr. D. Md. Jun. 8, 2012) (Requiring representative to prepare and file debtor's schedules following conversion to chapter 7 because "the submission of accurate schedules of assets and debts is a cornerstone of the bankruptcy process that requires a full, candid, and complete disclosure of debtors of their financial affairs."); *In re JK Harris & Co.*, LLC, 475 B.R. 470, 481 (Bankr. D.S.C. 2012) ("The designated representative of the [d]ebtor under Fed. R. Bankr. P. 9001(5) . . . is responsible for preparing and filing the amendments [to the schedules and statements].").

15. In conjunction with compelling the designation of a representative of the Debtor, the Trustee also requests that the deadline to file Schedules and Statements be extended to November 30, 2021 to allow the representative to review, verify, and sign the Schedules and Statements. Such extension is without prejudice to the Trustee's right to seek a further extension of time to file the Debtor's Schedules and Statements or to seek a waiver of the requirement for filing certain Schedules and Statements.

## TRUSTEE'S RESERVATION OF RIGHTS

16. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor or a waiver of any of the Trustee's powers and rights granted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. The Trustee also expressly reserves his rights to contest any assertion to the contrary and any objection to the

relief sought in this Motion under any grounds available to the Trustee in accordance with applicable non-bankruptcy law.

## NOTICE AND NO PRIOR REQUEST

17. Notice of this Motion has been given to (a) the UST; (b) counsel to the Debtor; and (c) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests the entry of an order (i) compelling the Debtor to designate an individual required to perform certain acts of the Debtor, including, but not limited to, verifying and signing the Schedules and Statements and attend examinations of the Debtor (ii) extending the deadline for him to file the Debtor's Schedules and Statements to November 30, 2021 and (iii) granting such other and further relief as the Court deems appropriate.

Dated: October 1, 2021
Wilmington, Delaware

Respectfully submitted,
**GOLDSTEIN & MCCLINTOCK LLLP**
By: */s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk, Esq. (Bar ID 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com

-and-

Harley J. Goldstein, Esq. (admitted *pro hac vice*)
Jeffrey C. Dan, Esq. (*pro hac vice* pending)
Steven Yachik, Esq. (*pro hac vice* pending)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
harleyg@goldmclaw.com
jeffd@goldmclaw.com
steveny@goldmclaw.com
*Counsel for the Chapter 7 Trustee*