UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | Case No. 20-10337 (BLS) |
| | ) | |
| *Debtor.* | ) | Related to D.I. 89, 93, 95 |

**SECOND SUPPLEMENTAL DECLARATION OF HARLEY J. GOLDSTEIN IN SUPPORT OF THE TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY AND RETAIN GOLDSTEIN & MCCLINTOCK LLLP AS COUNSEL *NUNC PRO TUNC* TO JUNE 23, 2021**

I, Harley J. Goldstein, being duly sworn, state the following under the penalty of perjury:

1. On July 14, 2021, Douglas T. Tabachnik, the chapter 7 trustee appointed to administer the above-captioned bankruptcy case (the "*Trustee*"), filed his *Application for Authority to Employ and Retain Goldstein & McClintock LLLP as Counsel for the Chapter 7 Trustee, Nunc Pro Tunc to June 23, 2021* [Docket No. 89] (the "*Application*").[1] On July 30, 2021, this Court entered an order authorizing the Trustee to employ and retain G&M as his counsel, *nunc pro tunc* to June 23, 2021 [Docket No. 93] (the "*Retention Order*").

2. Pursuant to Bankruptcy Rule 2014, I executed a declaration (the "*Retention Declaration*") in support of G&M's retention, which was concurrently filed with the Application. *See* Docket No. 89-2. On August 3, 2021, I submitted a supplemental declaration (the "*First Supplemental Declaration*") to amend the Retention Declaration, so as to disclose an additional matter that G&M had been asked to serve as co-counsel with the Trustee's law firm representing common clients in certain litigation wholly unrelated to the parties in interest and the subject of this Chapter 7 Case. *See* Docket No. 95.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

3. Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure and Rule 2014-1 of the Local Rules of the Bankruptcy Court for the District of Delaware, I hereby submit this second supplemental declaration (this "Second *Supplemental Declaration*") to amend the Retention Declaration, so as to disclose an additional matter that G&M has been asked to serve as co-counsel with the Trustee's law firm representing a common client in an additional matter (the "*Additional Engagement*") wholly unrelated to the parties in interest and the subject of this Chapter 7 Case – *i.e.*, the representation of Saint Mark's Funding, LLC in the bankruptcy case captioned *In re Colleen Evelyn Carter-Neblett*, Case No. 20-71692-PMB (pending in U.S. Bankruptcy Court for the Northern District of Georgia). As with the previously-disclosed matters, the Additional Engagement is wholly unrelated to the parties in interest and the subject of this Chapter 7 Case.

4. I file this Second Supplemental Declaration out of an abundance of caution to disclose the Additional Engagement. I do not believe the Additional Engagement alters G&M's status as a "disinterested person" (as that term is used in 11 U.S.C. § 101(13)) with respect to this Chapter 7 Case.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 11, 2022            /s/    Harley J. Goldstein
                                           Harley J. Goldstein