IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>*The Worth Collection, Ltd.*,<br><br>Debtor. | Chapter 7<br><br>Case No. 20-10337 (BLS) |
| DOUGLAS T. TABACHNIK, in his capacity as the chapter 7 trustee of the bankruptcy estate of The Worth Collection, Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>*See* Exhibit A,<br><br>Defendants. | Adv. Proc. No. *See* Exhibit A<br><br>**Hearing Date: October 4, 2023 at 10:00 am ET**<br>**Obj. Deadline: September 22, 2023 at 4:00 pm ET** |

**FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER APPROVING**
**SETTLEMENT AGREEMENTS PURSUANT TO FED. R. BANKR. P. 9019**

Douglas T. Tabachnik, not individually but in his capacity as the chapter 7 trustee appointed in the above-captioned bankruptcy case (the "*Trustee*"), hereby moves this Court (the "*Motion*") for entry of an order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") approving the settlements identified in Exhibit B attached hereto (collectively the "*Settlements*") between the Trustee and certain transferees (collectively, the "*Transferees*"). In support of the Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3.       On February 14, 2020 (the "*Petition Date*"), an involuntary petition [Docket No. 1] (the "*Petition*") was filed against the Debtor under chapter 7 of title 11 of the United States Code (the "*Bankruptcy Code*"), thereby commencing the above-captioned bankruptcy case (this "*Case*"). On March 24, 2021, this Court entered the Order for Relief, thereby allowing this Case to proceed. *See* Docket No. 53.

4.       On June 23, 2021, this Court entered an order appointing the Trustee as the permanent trustee to administer this Case. *See* Docket No. 87.

5.       In furtherance of his duties to the estate, the Trustee has been investigating various causes of action arising under chapter 5 of the Bankruptcy Code, including the avoidance and recovery of certain transfers made by the Debtor prior to the Petition Date (each an "*Avoidance Action*," and collectively, the "*Avoidance Actions*"). The Trustee's investigation has resulted in the filing of Avoidance Actions against over 200 separate individuals and/or entities, including most of the Transferees.

6.       Each of the Transferees disputes the Trustee's ability to avoid the transfers asserted in each respective Avoidance Action, and asserts that such Transferee possesses defenses to such causes of action, and would otherwise not be liable for such transfers. After arm's length negotiations, each of the Transferees and the Trustee entered into settlement agreements, whereby, among other things, each of the Transferees agrees to pay the Trustee certain sums, as disclosed on Exhibit B, in full satisfaction of the claims asserted in each respective Avoidance Action.

7.       Therefore, the Trustee files this Motion requesting approval of the Settlements.

## RELIEF REQUESTED

8. By this Motion, the Trustee respectfully requests the entry of an order approving the Settlements.

## SETTLEMENTS IN QUESTION AND THEIR ECONOMIC TERMS

9. By this Motion, the Trustee seeks approval of Settlements with seventeen (17) Transferees.

10. While certain of the Settlements involve adversary proceeding currently pending before this Court, a number of the Settlements were reached between the Trustee and such Transferees without the necessity of the filing of adversary complaints.

11. The amount of the Settlements (as described herein and reflected on Exhibit B) are expressed as percentages of gross transfers that the Trustee has been able to identify to such Transferees made during the ninety (90) day period preceding the Petition Date.

12. The Settlements with the Transferees range from 21.31% to 58.95% of the gross transfers identified pursuant to the preceding paragraph, with an average recovery of 45.48% of such gross transfers.

13. In arriving at the amounts of the Settlements, the Trustee has taken into account that the costs and fees of accrued with regard to these seventeen (17) actions are, as of the time such Settlements were reached, substantially lower than such costs and fees would be if litigation proceeded further with such Transferees (indeed, some of the Settlements were reached without the necessity of filing adversary complaints against such Transferees). In light of that, the Trustee has determined that the amounts of the Settlements are reasonable, given that the Trustee did not need to engage in further discovery, respond to motions to dismiss, or incur other costs associated with proceeding with litigation of the matters in question.

14. Moreover, in addition to the justification described in the preceding paragraph, the Settlements provide approximately $90,000 to the bankruptcy estate, which funds will enable the Trustee to cover certain costs (including expert witness fees and out-of-pocket expenses) of pursuing the much larger causes of action related to this Case – *i.e.*, those actions against the various parties and directors and officers related to (and stemming from), among other things, the leveraged buyout transaction in 2016. Accordingly, in the Trustee's judgment, the Settlements herein will assist in increasing the likelihood that the creditors of the Debtor's bankruptcy estate will receive a meaningful distribution on account of their claims.

## BASIS FOR RELIEF

15. Pursuant to Bankruptcy Rule 9019(a), "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Compromises are favored in bankruptcy, because they minimize the costs of litigation and further the parties' interest in expending the administration of a bankruptcy estate. *In re Satcon Tech. Corp.*, No. 12-12869 (KG), 2012 Bankr. LEXIS 5812, *12 (Bankr. D. Del. 2012); *Myers v. Martin (In re Martin)*, 91 F.3d 389 (3d Cir. 1996) *citing Collier on Bankruptcy* ¶9019.03[1] (15th ed. 1993); *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000). Such settlements should be approved by the Court if they are in the best interest of the debtor's bankruptcy estate. *See, e.g., In re Satcon Tech. Corp.*, No. 12-12869 (KG), 2012 Bankr. LEXIS 5812, at *12; *In re Energy Coop., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989); *In re Griffen Trading Co.*, 270 B.R. 883,903 (Bankr. N.D. Ill), *aff'd*, 270 B.R. 905 (N.D. Ill. 2001) (citing *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987)).

16. Courts will approve a compromise and settlement if it is fair and equitable and in the best interest of the estate and its creditors. *Aerogroup Int'l, Inc. v. GBG USA Inc. (In re Aerogroup Int'l, Inc.)*, 2019 Bankr. LEXIS 1484, *12 (Bankr. D. Del. 2019) *Treinish v. Topco*

*Assoc., Inc. (In re AWF Liquidation Corp.)*, 208 B.R. 399, 400 (Bankr. N.D. Ohio 1997); *McGraw v. Yelverton (In re Bell & Beckwith)*, 87 B.R. 476, 478 (N.D. Ohio 1988).  In making this determination, the Court must consider such factors as:

    A.    Whether the settlement is fair and equitable;

    B.    The probability of success in litigation, compared to the present and future benefits offered by the proposed settlement;

    C.    The prospect of complex litigation, as well as the expense, inconvenience and delay necessarily attendant to the litigation if the settlement is not approved;

    D.    The extent to which the settlement is the product of an arm's length bargaining; and

    E.    Whether the settlement falls below the lowest point in the range of reasonableness.

*See Aerogroup Int'l, Inc. v. GBG USA Inc. (In re Aerogroup Int'l, Inc.)*, 2019 Bankr. LEXIS 1484, *12; *In re Bell & Beckwith*, 87 B.R. at 478-479; *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 497 (S.D.N.Y. 1991).

    17.    In the present case, the Trustee and each of the Transferees have carefully considered the risks and potential costs and benefits associated with litigating these matters. Further, the Trustee and his counsel have evaluated the merits of the defenses proposed by each of the Transferees.

    18.    Given the cost of litigating these matters, the defenses presented, and the likelihood of recovery (and for the other reasons set forth in paragraphs 13 and 14 of this Motion), the Trustee believes the respective Settlements to be in the best interest of the parties

thereto. The proposed Settlements benefits both parties, and results in reduced administrative and other expenses.

19. The Trustee respectfully asserts that under the circumstances, each Settlement is in the best interest of the Debtor's estate and all parties in interest, and should be approved.

## **REQUEST TO LIMIT NOTICE**

20. Pursuant to Bankruptcy Rules 9019(a) and 2002(a)(3), twenty-one days' notice of a motion to approve a settlement must be ordinarily given to the debtor, the trustee, all creditors, and indenture trustees. However, Bankruptcy Rule 9006(c) states that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c). Moreover, Bankruptcy 2002(a)(3) specifically contemplates that the Court may, for "cause shown," direct that notice of proposed settlements not be sent. Fed. R. Bankr. P. 2002(a)(3).

21. In the present case, given the limited magnitude of the relief requested, the nature of the creditor body (including the number of foreign entities), and the limited resources of the estate, the Trustee respectfully submits that cause exists to limit the notice ordinarily mandated by Bankruptcy Rules 9019(a) and 2002(a)(3).

22. Here, the Trustee will provide at least twenty-one days' notice of this Motion to (a) the United States Trustee; (b) all parties that have requested notice in this case or that otherwise receive notice through the Court's electronic filing system; and (c) the Transferees or their counsel. In light of the nature of the relief requested, the Trustee submits that such notice is more than adequate under the circumstances and requests entry of an order providing that no further notice is required.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order: (i) approving the Settlements identified in Exhibit B, and permitting the Trustee and each of the Transferees to execute any such further documents as may be necessary or convenient to effectuate such agreement; (ii) limiting notice of the relief as requested herein; and (iii) granting such other and further relief as is just and proper.

Dated: September 1, 2023
Wilmington, Delaware

Respectfully submitted,
**GOLDSTEIN & McCLINTOCK LLLP**

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (DE Bar ID 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com

-and-

Harley J. Goldstein (admitted *pro hac vice*)
Daniel C. Curth (admitted *pro hac vice*)
Ainsley G. Moloney (admitted *pro hac vice*)
Amrit S. Kapai (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
harleyg@goldmclaw.com
danc@goldmclaw.com
ainsleym@goldmclaw.com
amritk@goldmclaw.com

*Counsel for the Chapter 7 Trustee*